**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Eliria Knox,<br><br>Plaintiff,<br><br>v.<br><br>ECMC,<br><br>Defendant. | Civ. No. 26-3010 (JWB/JFD) |
| Vanessa Cary,<br><br>Plaintiff,<br><br>v.<br><br>Best Buy Co.,<br><br>Defendant. | Civ. No. 26-3257 (JWB/DTS) |
| Gary Robinson,<br><br>Plaintiff,<br><br>v.<br><br>Jefferson Capital Systems, LLC,<br><br>Defendant. | Civ. No. 26-3282 (JWB/LIB)<br><br>**ORDER DISMISSING CASES** |

Three self-represented Plaintiffs (Eliria Knox, Vanessa Cary, and Gary Robinson) commenced the actions captioned above against three Minnesota based companies: ECMC; Best Buy Co.; and Jefferson Capital Systems, LLC, respectively. Aside from names, addresses, and dates, the three Complaints are materially identical, down to the

verbatim wording of their operative allegations. Because the Complaints share the same dispositive defects, all three actions are addressed together in this single order. Citations to the record identify filings by the relevant plaintiff's surname and the docket number assigned in that plaintiff's case. Throughout this Order, quotations from the filings normalize the original capitalization. For the reasons that follow, each action is dismissed without prejudice as frivolous, and Cary's application to proceed *in forma pauperis* ("IFP") is denied as moot.

Each Complaint hinges on a so-called "Notice of Lien." (*See* Knox Doc. No. 3; Cary Doc. No. 3; Robinson Doc. No. 1-2.) In the notice, the Plaintiff, signing as the "Trustee" of a "revocable living trust" bearing the Plaintiff's own name, purports to declare a $1,000,000 lien on the Plaintiff's own assets (including the Plaintiff's account with the Defendant) and asserts that "[n]o assets or money can be recouped until the lien of $1,000,000.00 is paid in full" to the Plaintiff's trust. (Knox Doc. No. 3 at 1; Cary Doc. No. 3 at 1; Robinson Doc. No. 1-2 at 1.) The notice then warns that if the Defendant fails to respond, or keeps reporting the Plaintiff's account to credit bureaus, then the Defendant has "opt[ed] in to paying" the Plaintiff's trust a "$1,000,000.00 lien pay off amount." (Knox Doc. No. 3 at 1–2; Cary Doc. No. 3 at 1–2; Robinson Doc. No. 1-2 at 1–2.)

Each Complaint then alleges, in language identical across the three actions:

> I sent the notice of unpaid lien to the company (which I will attach to this case), letting them know about the first obligation trust lien that I needed to get taken care [of] (which had nothing to do with them). They completely ignored the notice and continued to report [the] account on credit which

> now puts them at fault for the trust lien security agreement pay off for delaying and ignoring the first obligation pay off.

(Knox Doc. No. 1 at 4; Cary Doc. No. 1 at 4; Robinson Doc. No. 1 at 4.) Each Complaint demands $1 million as the "amount owed for trust security agreement violation" and identifies, as its basis for federal jurisdiction, "Article 1 Section 10: Right to Contract." (Knox Doc. No. 1 at 3–4; Cary Doc. No. 1 at 3–4; Robinson Doc. No. 1 at 3–4.) Although unnecessary to the disposition of the instant cases, it is noteworthy that the Complaints' own dates undercut the premise of the asserted "violation." Cary and Robinson signed their Complaints on the same dates borne by their respective notices (June 23, 2026, and July 1, 2026), and Knox signed her Complaint two days after the June 4, 2026 date on hers. (Knox Doc. No. 1 at 5; Knox Doc. No. 3 at 1; Cary Doc. No. 1 at 5; Cary Doc. No. 3 at 1; Robinson Doc. No. 1 at 5; Robinson Doc. No. 1-2 at 1.) In other words, Cary and Robinson signed Complaints accusing Defendants of having ignored their notices on the *same day* the notices themselves are dated, and Knox two days after hers—before any notice could realistically have been received, let alone considered and ignored.

None of the Plaintiffs paid a filing fee or applied for leave to proceed IFP when commencing these actions, and the Clerk of Court wrote to each Plaintiff, enclosing an IFP application form and warning that his or her case could be summarily dismissed if the fee or a completed application was not received within 15 days. (*See* Knox. Doc. No. 4; Cary Doc. No. 4; Robinson Doc. No. 2.) Knox and Robinson have done neither, so the screening provisions of 28 U.S.C. § 1915(e)(2)(B) do not apply to their cases. But federal

courts have the inherent authority to dismiss a frivolous action summarily, whatever the filing fee's status. *See, e.g.*, *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d) [the statutory predecessor to § 1915(e)(2)(B)] . . . authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Carney v. Houston*, 33 F.3d 893, 895 (8th Cir. 1994) (stating that the frivolousness determination "precedes the decision of whether to grant [IFP] status and whether to order issuance and service of process," and that a frivolous complaint should be dismissed "out of hand" (citation omitted)); *cf. Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee").

Cary, for her part, timely responded to the Clerk's letter by applying for leave to proceed IFP. (*See* Cary Doc. No. 6.) Her application subjects her action to § 1915(e)(2)(B), under which "the court shall dismiss [a] case at any time if the court determines that . . . the action . . . is frivolous or malicious," whether or not IFP status is ever granted. 28 U.S.C. § 1915(e)(2)(B). The frivolousness standard is the same under either source of authority, so the analysis that follows applies equally to all three actions.

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous when it rests on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. On the other hand, a claim is factually frivolous when its allegations are fanciful, fantastic, delusional, or otherwise "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504

U.S. 25, 32–33 (1992). To be sure, courts are to construe *pro se* pleadings liberally, *see, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but liberal construction cannot supply an arguable legal or factual basis where none exists.

Each Complaint is frivolous in both respects. No body of law lets someone generate a debt by mailing a company a self-drafted "lien" on the person's own account and then treating the company's silence (or routine reporting of the account) as acceptance of a $1,000,000 payment obligation. The lone authority the Complaints invoke—Article I, Section 10 of the U.S. Constitution—is a restriction on the States; it does not regulate the conduct of private companies, and it supplies no cause of action against them. *See* U.S. Const. art. I, § 10, cl. 1 ("No State shall . . . pass any . . . Law impairing the Obligation of Contracts . . . ."); *Sveen v. Melin*, 584 U.S. 811, 818 (2018) ("The Contracts Clause restricts the power *of States* to disrupt contractual arrangements." (emphasis added)). The "trust lien" device used here is simply a variant of pseudolegal theories that federal courts, including the Eighth Circuit, have uniformly rejected as "completely without merit" and "patently frivolous." *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). And the factual scenario the Complaints posit—that a company, by disregarding a mailed notice for (at most) two days, silently bound itself to pay the sender's personal trust $1 million dollars—is just the kind of fanciful premise that independently warrants dismissal.

Notably, these three Complaints do not appear to be isolated filings. Materially identical "notice of unpaid lien" Complaints, reproducing the same allegations, have been

filed in this District during the same period (including two others from Robinson).[1] The filings' template character suggests that some sort of form document is circulating that encourages consumers to believe this lien maneuver can erase debts or compel payments from the companies that hold, collect, or report them. It cannot. Whatever the form's source, Complaints premised on it lack any arguable basis in law or fact and are subject to summary dismissal at the outset.

Because this Court acts on its own initiative and before service of process, the dismissals are without prejudice. And because Cary's action is dismissed at the outset as frivolous, her IFP application is denied as moot.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings in these cases, **IT IS HEREBY ORDERED** that:

1. The action *Knox v. ECMC*, No. 26-CV-3010 (JWB/JFD), is **DISMISSED WITHOUT PREJUDICE** as frivolous.

2. The action *Cary v. Best Buy Co.*, No. 26-CV-3257 (JWB/DTS), is **DISMISSED WITHOUT PREJUDICE** as frivolous.

3. Ms. Cary's application for leave to proceed *in forma pauperis* (Cary Doc. No. 6) is **DENIED AS MOOT**.

4. The action *Robinson v. Jefferson Capital Systems, LLC*, No. 26-CV-3282 (JWB/LIB), is **DISMISSED WITHOUT PREJUDICE** as frivolous.

---

[1] *See, e.g.*, *Ward v. Best Buy Co.*, No. 26-CV-3222 (DWF/SGE) (D. Minn.); *Ward v. Macy's*, No. 26-CV-3223 (NEB/ECW) (D. Minn.); *Robinson v. Absolute Resolutions Corp.*, No. 26-CV-3280 (DWF/SGE) (D. Minn.); *Robinson v. Cent. Portfolio Control*, No. 26-CV-3281 (ECT/JFD) (D. Minn.). Each of these cases was filed in this District in July 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 24, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge